IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ALICIA SUAREZ** : | |
| on behalf of herself and all : | |
| others similarly situated, : | |
| : | CIVIL ACTION FILE NO. |
| Plaintiff, : | |
| : | **JURY TRIAL DEMANDED** |
| vs. : | |
| : | |
| **NORTH GEORGIA LINEN** : | |
| **SERVICE, INC.,** : | |
| a Georgia corporation, : | |
| **RODNEY W. FREE,** and : | |
| **JOHN DOES I-X** : | |
| : | |
| Defendants. : | |
| _____ : | |

# COMPLAINT

COMES NOW Plaintiff Alicia Suarez ("Suarez"), on behalf of herself and all others similarly situated, through her counsel, Stephen M. Katz, The Katz Law Group, and files her Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This is a collective action brought under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") to recover unpaid overtime wages, liquidated

damages, attorneys fees, and costs.  Plaintiff alleges on behalf of herself and all other current and former employees of Defendants, similarly situated to Suarez, in the State of Georgia, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. 216(b). (the "Collective Action Class").  In particular, it is the intent of this collective action to apply to all current/former "Laundry Workers" of Defendants in the State of Georgia that were not paid overtime compensation for all hours worked in excess of 40 hours in given work weeks, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. 216(b). (The "Collective Action Class").

## PARTIES

2.

Alicia Suarez, the named Plaintiff in this action, lives in the Northern District of Georgia.

3.

Defendant North Georgia Linen Service, Inc. ("North Georgia Linen") is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in metropolitan Atlanta, Georgia.

4.

North Georgia Linen can be served by delivering a copy of the summons and Complaint to its registered agent North Georgia Linen Service, Inc., at 2410 Franklin Drive, Gainesville, Georgia 30504.

5.

North Georgia Linen is engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

6.

North Georgia Linen is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

7.

Defendant Rodney W. Free ("Free") lives in the Northern District of Georgia and serves as North Georgia Linen's Chief Executive Officer. Free can be served by delivering a copy of the summons and Complaint to him at 2410 Franklin Drive, Gainesville, Georgia 30504.

8.

**JOHN DOES I–X** are persons or entities currently unknown to the plaintiffs

and which constitute a "joint" or "single" employer with the other named Defendants.

9.

Free and John Does I-X are involved in the day-to-day operations and have substantial operational control over North Georgia Linen, including, without limitation, the policies governing individuals employed in the same capacity as the named Plaintiff and the putative class of Plaintiffs.

10.

Free and John Does I-X exert substantial control over North Georgia Linen's compliance with the Fair Labor Standards Act.

11.

Free and John Does I-X have the power to hire and fire employees, including, without limitation, individuals employed by North Georgia Linen in the same capacity as the named Plaintiff and putative class of Plaintiffs.

12.

Free and John Does I-X control employee work schedules and conditions of employment including, without limitation, individuals employed by North Georgia Linen in the same capacity as the named Plaintiff and putative class of

Plaintiffs.

13.

Free and John Does I-X determine the rate and method of payment for employees including, without limitation, individuals employed by North Georgia Linen in the same capacity as the named Plaintiff and putative class of Plaintiffs.

14.

At all times relevant to this action, Free and John Does I-X oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by North Georgia Linen in the same capacity as the named Plaintiff and putative class of Plaintiffs.

15.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

16.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

17.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

18.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

19.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

**Jurisdiction**

20.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## Venue

21.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## FACTS

22.

Suarez is a current employee of Defendants. Suarez began working for Defendants in May 2009.

23.

Throughout her employment with Defendants, Suarez has worked as a "Laundry Worker" at Defendants' commercial laundry facility.

24.

Suarez' principal and only duty while working for Defendants is performing laundry work.

25.

Throughout Suarez' employment with Defendants, she has received an hourly wage with no overtime compensation for hours worked in excess of 40 in given work weeks.

26.

While employed by Defendants, Suarez has consistently worked 60 hours, or more, per week. Suarez has never been paid overtime compensation for hours worked in excess of 40 hours in any given work week.

27.

There are numerous "Laundry Workers," employed by Defendants, working in excess of 40 hours per week and paid an hourly rate without any overtime compensation for hours worked in excess of 40 in given work weeks.

28.

Suarez and the putative class members are similarly situated in terms of job duties, pay, and compensation.

29.

Suarez does not have discretionary authority in her position as a "Laundry Worker" for Defendants.

30.

Defendants deliberately failed to provide Suarez and the putative class with overtime compensation for hours worked in excess of 40 in given work weeks in 2009, 2010, 2011 and 2012.

31.

Defendants pay Suarez and the putative class an hourly rate via a pay check for the first 40 hours of work they perform in a given work week.

32.

Defendants pay Suarez and the putative class an hourly rate in cash for all hours they work over 40 hours in a given work week.

### CLAIM FOR RELIEF

### Violation of 29 U.S.C. § 216(b)

### (FLSA)

33.

Suarez incorporates the allegations contained in paragraphs 1 through 32 of this Complaint as though the same were fully set forth at length herein.

34.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing individuals, including Suarez, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such

employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

35.

Suarez, as well as those similarly situated to her, were regularly compelled to work more than 40 hours per week but were/are not paid overtime compensation as required under the FLSA.

36.

Suarez, and those similarly situated to her, are not exempt employees under the FLSA; thus, Defendants were required to pay them overtime compensation for all hours worked each week in excess of 40.

37.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

38.

Defendants owe Suarez, and those similarly situated to her, overtime pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

## Count II

39.

Suarez incorporates the allegations contained in paragraphs 1 through 38 of this Complaint as though the same were fully set forth at length herein.

40.

Within the preceding four years, Defendants, employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

41.

Suarez and those similarly situated to her are entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, Plaintiff demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. Designation of this action as a collective action on behalf of the

Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Action Members as an FLSA Opt-In Class, apprising them of the pendency of the claims asserted in this action under Section 216(b) of the FLSA, permitting them to assert timely Section 216(b) FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Suarez and her counsel to represent the Collective Action Members and tolling of the statue of limitations;

3. An Order finding that Defendants violated Section 215(a)(2) and 216(b) of the FLSA;

4. Judgment in favor of Suarez and all those similarly situated to her and against Defendants, jointly and severally, for unpaid overtime compensation together with double damages;

5. Pursuant to Section 216(b) of the Act, judgment in favor of Suarez and those similarly situated to her and against Defendants, jointly and severally, for reasonable attorneys fees;

6. Judgment in favor of Suarez and those similarly situated to her and against the Defendants, jointly and severally, for prejudgment interest;

7. Judgment in favor of Suarez and those similarly situated to her and

against the Defendants, jointly and severally, for all taxable and non-taxable costs;

8. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F. R. Civ. P., **TRIAL BY JURY** on all claims on which a jury trial is available*;*

9. Such other, further and different relief as this Court deems appropriate.

This 22nd day of May, 2012.

> By: **/s/ Stephen M Katz**
> Stephen M. Katz
> Ga. Bar No. 409065
>
> By: **/s/ V. Severin Roberts**
> V. Severin Roberts
> Ga. Bar No. 940504
> Attorneys for Plaintiffs



THE KATZ LAW GROUP LLC

4799 Olde Towne Parkway
Marietta, Georgia 30068-4350
Telephone:   770. 988.8181
Facsimile:    770. 988.8182
E-Mail: smkatz@smk-law.com